IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thaddaeus Sanchez Ruelas,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-22-00491-TUC-JGZ (LCK)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Petitioner, Thaddaeus Ruelas, incarcerated at the Arizona State Prison in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before this Court are the Amended Petition (Doc. 6) and Respondents' Answer (Doc. 12). Petitioner did not file a Reply.[1] Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Petition.

---

[1] In its order screening Petitioner's Amended Petition, the Court notified Petitioner that he could file a reply within thirty days of Respondents serving an Answer. (Doc. 7 at 4.) Petitioner did not file a reply in that time frame. Many months after Respondents answered, Petitioner notified the Court that he had not received any documents in this case since filing his Amended Petition. (Doc. 13.) The Court sent Petitioner a copy of its screening order, directed Respondents to serve him with a copy of the Answer, and allowed him additional time to file a reply. (Doc. 14.) Respondents filed a notice that they had mailed a copy of the Answer to Petitioner in April 2024. (Doc. 15.) Petitioner has not submitted anything since that time.

# FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in the Pima County Superior Court on seven counts of using a wire or electronic communication in a drug-related transaction; six counts of transporting for sale, offering to transport for sale, selling, transferring, or offering to sell or transfer methamphetamine; four counts of weapons misconduct; one count of possession of heroin; one count of possession of cocaine; and one count of conspiracy. (Doc. 12, Ex. B; Ex. C at 8-14, 35.) The charges were based on Petitioner's conduct from December 2014 to April 2015 and arose, primarily, from his interactions with confidential informants and a special agent from the Department of Alcohol, Tobacco, and Firearms. (*Id.*, Ex. A at 2; Ex. B.) On September 21, 2016, the court sentenced him to a total term of 50.5 years. (*Id.*, Ex. X; Ex. Y, Ex. 1.)

Petitioner appealed and review was granted. (*Id.*, Exs. A, D.) The Arizona Court of Appeals denied the claims Petitioner raised and affirmed his convictions and sentences with one exception. (*Id.*, Ex. A.) Based on information raised by the State, the court determined Petitioner had been sentenced erroneously on one count (Count 20); therefore, the court vacated the sentence on that count and remanded for resentencing. (*Id.* at 2 n.1, 8.) Petitioner filed a Petition for Review in the Arizona Supreme Court as to the claims denied by the court of appeals, but the court denied review. (*Id.*, Exs. H, I.) The trial court resentenced Petitioner on Count 20; however, that did not change the aggregate length of Petitioner's sentence. (*Id.*, Ex. G.)

Petitioner filed a Petition for Post-Conviction Relief (PCR). (*Id.*, Ex. L.) The PCR court granted relief on one sentencing issue and denied the remaining claims. (*Id.*, Ex. O.) Petitioner was resentenced to concurrent terms on two counts that originally were consecutive, which lowered his total sentence to 38 years. (*Id.*, Ex. P.) Petitioner sought review in the Arizona Court of Appeals as to one of the claims denied by the PCR court. (*Id.*, Ex. Q.) The appellate court granted review but denied relief on April 20, 2022. (*Id.*, Ex. T.)

Petitioner initiated this federal habeas action on October 21, 2022. (Doc. 1.) The Court screened his initial petition and dismissed it:

> Section 2254(a), 28 U.S.C., requires the Court to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**." (Emphasis added.) Absent from Petitioner's grounds for relief is any statement that the Petitioner is in custody in violation of the Constitution or the laws or treaties of the United States. Thus, the Court lacks jurisdiction over this case and will dismiss it.

(Doc. 5 at 1-3.) Petitioner then filed his Amended Petition. (Doc. 6.)

## DISCUSSION

In the Amended Petition, Petitioner alleged four claims: (1) the trial court violated his right to due process under the 5th and 14th Amendments by using unproven aggravating factors to enhance his sentence; (2) the trial court altered the charges from the indictment in violation of Rules 13.5(b) and 16.1(b); (3) the state courts did not follow established law, which violated stare decisis and substantive due process; and (4) the state courts committed errors of law and abused their discretion. Respondents contend that Claims 2, 3, and 4 are not cognizable, fail to state a claim, and are procedurally defaulted, and Claim 1 is without merit. The Court first reviews the claims for cognizability and procedural default and then, where appropriate, the merits.

**COGNIZABILITY**

**Claim 2**

Petitioner alleges the court "lacked authority to alter the charges" and violated Rule 13.5(b), Rule 16.1(b), and the "construction of rules." (Doc. 6 at 8.) He also asserts, "[t]he preliminary hearing or grand jury 'indictment' limits the trial to the 'specific charge or charges in the magistrates order or grand jury indictment,' whereas, the court has committed an error in law abusing its discretion." (*Id.*) And he alleges "[a] defendant convicted in a criminal case has a due process right to be sentenced according to fair sentencing procedures. (*Id.*)

First, this claim is not cognizable because Petitioner alleges only a violation of state rules, he has not identified a violation of federal constitutional law. 28 U.S.C. § 2254(a)

- 3 -

(habeas relief is available "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("habeas corpus relief does not lie for errors of state law."). When the Court dismissed Petitioner's original petition, it notified him that the Court had jurisdiction only over federal claims. (Doc. 5 at 1-2.) Petitioner added additional allegations to Claim 2 that did not appear in the original petition, but he did not follow the Court's direction to identify the constitutional right violated.

Second, Claim 2 must be dismissed because Petitioner's allegations are conclusory and contain no supporting facts. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases). Petitioner is correct that Arizona Rule of Criminal Procedure 13.5(b) generally limits a trial to the charges in an indictment. However, Petitioner has not cited any charges on which he was tried that were not in the indictment. And, in Claim 2, he has not identified any unfair sentencing procedures to which he was subjected. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Rule 2(c)(2) of the Rules Governing Section 2254 Cases (requiring the petition to plead the facts that support each claim for habeas relief).

### Claim 3

Petitioner alleges the state courts failed to follow their own precedent and other established state and federal laws, instead following attorney general opinions, which violated his right to substantive due process. (Doc. 6 at 9.) Petitioner failed to allege any facts to support this claim. He did not identify any unlawful or erroneous decisions by the state courts. Although twice given the opportunity to file a reply to counter Respondents' contention that these allegations failed to state claim, he did not do so. Therefore, this claim must be dismissed. *See James*, 24 F.3d at 26 ("Conclusory allegations which are not

supported by a statement of specific facts do not warrant habeas relief."). *Blackledge*, 431 U.S. at 75 n.7.

### Claim 4

Petitioner alleges, in entirety: "[b]y the court having committed an error of law, the court abuses its discretion, and both courts have committed several errors of law." (Doc. 6 at 10.) Petitioner cannot obtain habeas relief on this claim because he has not identified a violation of federal constitutional law. 28 U.S.C. § 2254(a) (habeas relief is available "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *see Estelle*, 502 U.S. at 67 ("habeas corpus relief does not lie for errors of state law."). The Court notified him of this failure in Claim 4 when dismissing his original petition, but he did not cure the defect in the Amended Petition. (Doc. 5 at 1-2.) Further, Petitioner's allegations are conclusory and contain no supporting facts. *James*, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Blackledge*, 431 U.S. at 75 n.7.

### Conclusion

Claims 2, 3, and 4 are subject to dismissal because the allegations are conclusory and absent of supporting facts. Claims 2 and 4 also are subject to dismissal because they fail to allege a federal constitutional claim.

**EXHAUSTION AND PROCEDURAL DEFAULT**

### Standard

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy), *overruled on other grounds by Apelt v. Ryan*, 878 F.3d 800, 827 (9th Cir. 2017). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**Analysis of Claims 2, 3, and 4**

Petitioner alleges he raised Claims 2 and 4 in a third PCR Petition,[2] and he raised Claim 3 on direct appeal and in a first, second, and third PCR Petition. (Doc. 6 at 8-10.)

---

[2] As to Claim 2, Petitioner also states "[t]his issue was presented in a Supplemental Brief To Response to PR Filed Jan 24, 2022." (Doc. 6 at 8.) He appears to be referring to a document signed in July 2022, which mentions the allegations raised in Claims 2, 3, and 4. (Doc. 6-2 at 47-64.) However, this document is not reflected on the docket. *See* https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=131946. Even if Petitioner promptly submitted the supplement, in July 2022, that could not qualify as fair presentation of a claim in a procedurally appropriate manner for purposes of exhaustion

Based on the Court's review of the record provided by Respondents, Petitioner had one direct appeal and one PCR proceeding. Regardless, the Court examines Petitioner's suggestion that he filed multiple petitions. Petitioner left blank the space for a first PCR petition. (Doc. 6 at 5.) Petitioner stated that his second PCR petition raised two claims, "trial court erred to compel required disclosures," and "court denied motion for new trial." (*Id.*) These correspond with the claims raised in his direct appeal. (*See* Doc. 12, Ex. D.) But they do not align with his allegations in Claims 2, 3, or 4 of his Amended Petition before this Court. Petitioner stated the third PCR petition included three grounds, which match the three claims raised in what the Court identified as the only PCR Petition filed by Petitioner. (*Compare* Doc. 6 at 6 *with* Doc. 12, Ex. L at 5.) In summary, it appears that the "second" petition identified by Petitioner matches up with his direct appeal and the "third" petition he identified matches up with his first and only PCR proceeding. However, neither Claims 2, 3, or 4 were raised in either of those proceedings. (*See* Doc. 12, Exs. A, L.) Therefore, Petitioner did not fairly present Claims 2-4 in state court.

If Petitioner were to return to state court now to litigate these claims, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(b)(3) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion, Ariz. R. Crim. P. 32.2(b); 32.1(b)-(h). Therefore, Claims 2-4 are technically exhausted and procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1.

**Cause and Prejudice**

Petitioner did not argue cause and prejudice to excuse the default of Claims 2-4. However, because ineffective assistance of counsel (IAC) is raised commonly as cause, the Court looks briefly at whether IAC on appeal or during his PCR proceeding could overcome the default of Claims 2-4.

Before ineffectiveness of appellate counsel may be used to establish cause for a procedural default, it must have been presented in state court as an independent claim.

---

because the PCR court and court of appeals already had ruled on his petitions and issued the mandate (Doc. 12, Exs. O, T, U). *O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

*Murray v. Carrier*, 477 U.S. 478, 489 (1986). Petitioner has not fairly presented in state court any claims of IAC on appeal. An ineffectiveness claim regarding appellate counsel is now foreclosed in state court by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4(b)(3) because it does not fall within an exception to preclusion, Ariz. R. Crim. P. 32.2(b); 32.1(b)-(h). *See State v. Bennett*, 146 P.3d 63, 67, 213 Ariz. 562, 566 (2006) ("As a general rule, when 'ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'") (quoting *State v. Spreitz*, 39 P.3d 525, 526, 202 Ariz. 1, 2 (2002)). Because Petitioner may not exhaust such a claim now, it is technically exhausted but procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1. Thus, IAC on appeal cannot operate as cause unless Petitioner establishes cause and prejudice to excuse the default of the appellate IAC claim, *see Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective counsel as cause can itself be procedurally defaulted), and no such cause is apparent here, *see Davila v. Davis*, 582 U.S. 521, 529 (2017) (holding that IAC during PCR proceedings cannot operate as cause to excuse the default of a claim that appellate counsel was ineffective). Thus, ineffectiveness of appellate counsel may not operate as cause to excuse the default of Claims 2-4.

With respect to PCR counsel, Petitioner did not have a constitutional right to counsel during that proceeding; thus, the Sixth Amendment is not implicated when counsel is ineffective in such a proceeding. However, if PCR counsel is ineffective pursuant to the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise a trial IAC claim, that may constitute cause to excuse a default of that claim. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). The Supreme Court has limited IAC during PCR as cause solely for claims of ineffective assistance at trial. *See Davila*, 582 U.S. at 529-30 (noting the allowance applies only when a state precludes IAC at trial claims from being raised on direct appeal, requiring them to be raised in a collateral proceeding). Thus, ineffectiveness of PCR counsel may not operate as cause to excuse the default of Claims 2-4 because they do not allege IAC at trial. *See id*.

Because IAC during appeal or PCR may not operate as cause to excuse the default of Claims 2-4, these claims remain defaulted.

### Fundamental Miscarriage of Justice

Petitioner did not argue that a fundamental miscarriage of justice would result if his claims were not addressed on the merits. And he has not alleged that he was actually innocent of the charges of which he was convicted as required to establish a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Therefore, Petitioner cannot establish a fundamental miscarriage of justice will occur if Claims 2-4 are not heard on the merits.

### MERITS OF CLAIM 1

### Legal Standards for Relief under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a "highly deferential standard for evaluating state-court rulings' . . . demand[ing] that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The last relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection

(d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Visciotti*, 537 U.S. at 25. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as '"fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**<u>Analysis</u>**

Petitioner alleges the trial court used unproven aggravating factors to enhance his sentence in violation of his right to due process under the 5th and 14th Amendments. (Doc.

6 at 7.) For supporting facts, Petitioner alleges, "[t]he jury dismissed prohibited possessor charges," and his rights were violated by the court's use of "unproven non-existing factors to enhance and aggravate sentence."[3] (*Id.*)

Respondents concede Claim 1 is exhausted to the extent the Court interprets it as mirroring the claim Petitioner raised in the PCR Petition. (Doc. 12 at 16.) In his PCR Petition, Petitioner alleged "the Court erred in using the presence of a deadly weapon as an aggravating factor for all counts, except the misconduct involving weapons counts, as the Court had specifically found that aggravator not proven." (*Id.*, Ex. L at 5.) The Court reviews on the merits Petitioner's Habeas claim – that the trial court erred in using the presence of a deadly weapon as an aggravating factor at sentencing – as it was exhausted during his PCR proceeding.[4]

The Arizona Court of Appeals set forth the following background about this claim:

> At the conclusion of the trial, Ruelas waived the right to have a jury find aggravating factors for sentencing. The parties discussed the aggravators and agreed with the trial court that pecuniary gain and the presence of accomplices ("for certain counts") were appropriate. In response to the state's request to consider the presence of a deadly weapon as an aggravator, *see* A.R.S. § 13-701(D)(2), the court stated it did not "think [it was] inclined" to do so, noting the appellate court might consider it "double counting." Although the state disagreed, for purposes of "leniency," it accepted the court's decision without further objection, after which the court added it did not believe the state "need[ed]" that aggravating factor in any event.

---

[3] Petitioner does not, and could not, allege that the range within which he was sentenced was unlawful, because the trial court found another unchallenged statutory aggravating circumstance, expectation of pecuniary gain under A.R.S. § 13-701(D)(6). *See State v. Martinez*, 115 P.3d 618, 624, 210 Ariz. 578, 584 (2005) (holding that an aggravated sentence may be imposed based on a single aggravating factor) (citing A.R.S. § 13-702(B) (West 2005) (authorizing an aggravated sentence "if one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt")).

[4] Petitioner did not raise any other claim about aggravating sentencing factors on direct appeal or in his PCR proceeding. (*Id.*, Exs. D, L.) To the extent Petitioner now is alleging a claim broader in scope than that raised in his PCR Petition, such as a challenge to using prohibited possessor as an aggravating factor, the Court finds he did not fairly present such a claim to the state courts. If Petitioner were to return to state court now to litigate a different aggravating factor claim, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(b)(3) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion, Ariz. R. Crim. P. 32.2(b); 32.1(b)-(h). Therefore, an allegation that the trial court applied a prohibited possessor aggravating factor at sentencing is technically exhausted and procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1.

¶5     However, in its sentencing memorandum, the state erroneously stated that the trial court had found four enumerated aggravating factors, including "[u]se, threatened use or possession of a deadly weapon or dangerous instrument." Ruelas did not point out the state's error in his own sentencing memorandum, but instead argued why the presence of a deadly weapon was not a proper aggravating factor.

¶6     At sentencing, the trial court determined Ruelas was a category three repetitive offender with two or more historical prior felony convictions and further found, without objection, the following aggravating factors: "except for the misconduct with weapons counts, I do find the use of [a] deadly weapon during commission," in addition to the pecuniary value factor and the "overall" level of violence and criminal behavior exhibited. The court also found the aggravating factors outweighed the mitigating factors. The court sentenced Ruelas, as previously noted, and Ruelas filed a notice of appeal. Shortly thereafter, he filed a motion to modify his sentences, arguing in relevant part, that the use of the deadly weapon aggravator was improper. The court denied that motion in November 2016.

Deadly Weapon Aggravator

¶7     On review, Ruelas argues the trial court abused its discretion by determining in its Rule 32 ruling below that the use of a deadly weapon as an aggravating factor was harmless error. In its ruling, the court initially noted that although there were sufficient aggravating factors even without the deadly weapon aggravator to make the sentences legal, "that does not mean that the improperly used factor did not persuade Judge Fields [the sentencing judge] to give a higher sentence than he otherwise would have without consideration of that factor." However, the court then quoted portions of Judge Fields's ruling denying Ruelas's motion to modify his sentences. In that ruling, Judge Fields noted that Ruelas's sentences were proper, regardless of his finding of the deadly weapon aggravator. Judge Fields stated, "In light of the Court's goal in sentencing it is of no moment that the sentencing minute entry refers to the aggravating circumstances under each charge as the factors 'listed on page one' [use of deadly weapon, pecuniary value, and overall level of violence and criminal behavior]; no amount of re-weighing is going to get the Defendant a more favorable sentence." *See State v. Martinez*, 210 Ariz. 578, ¶ 26 (2005) (once statutory aggravating factor is found, court may find additional aggravating circumstances). Importantly, the court also noted that Judge Fields stated, "the sentence is appropriate no matter how the cards are shuffled."

¶8     The trial court further explained, "Given the fact that the use of the deadly weapon aggravator did not affect the sentencing range of the Defendant as well as the fact that Judge Fields stated that the aggravator did not affect his final sentence, the error if any was harmless and did not prejudice the Defendant." The court thus denied Ruelas's related claim of ineffective assistance of trial and appellate counsel, stating that neither attorney's performance fell below an objective standard of reasonableness and added, "Given the Court['s] ruling above, both counsel[ ] acted appropriately. The sentence imposed was not illegal and Judge Fields made it abundantly clear that the additional aggravating factor did not and would not have made a difference in the Defendant's sentencing."

(Doc. 12, Ex. T at 3-4.) The appellate court went on to deny relief on the claim:

> ¶9  We initially note that, insofar as Ruelas contends Judge Fields found the deadly weapon aggravator had not been proven, the record does not support his assertion; rather, Judge Fields initially stated he was not "inclined" to find the presence of a deadly weapon as an aggravating factor. Relying on *State v. Grier*, 146 Ariz. 511 (1985), Ruelas argues his due process right to a fair sentence was violated when the sentencing court relied on "false and inaccurate" information at sentencing and asserts that the court improperly found the error harmless. He contends he is entitled to be resentenced without consideration of the deadly weapon aggravator.
>
> ¶10  "Convicted defendants have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information." *Id.* at 515; *see State v. Conn*, 137 Ariz. 148, 150 (1983) ("sentencing process ... must satisfy the requirements of the Due Process Clause"). To have a sentence set aside, the defendant must show: "(1) that the information before the sentencing court was false or misleading and, (2) that the court relied on the false information in passing sentence." *Grier*, 146 Ariz. at 515. Here, as we previously noted, Judge Fields concluded he would have imposed the same sentence "no matter how the cards are shuffled." There is simply no support in the record suggesting the sentencing court would have imposed a different sentence absent the deadly weapon factor. At most, harmless error occurred. Consequently, no relief is warranted in these circumstances.

(*Id.* at 4-5.)

Habeas relief may be granted under § 2254(d)(1), only if the Arizona Court of Appeals ruling was contrary to, or an unreasonable application of, clearly established federal law, which refers to holdings of the Supreme Court in April 2022. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006). It is not evident to this Court that there is clearly established Supreme Court law addressing the claim presented by Petitioner. Respondents cite two Supreme Court cases, *Townsend v. Burke*, 334 U.S. 736, 741 (1948) and *United States v. Tucker*, 404 U.S. 443, 447 (1972) as supporting the proposition that due process is violated by a sentence based on "misinformation of constitutional magnitude." As pointed out by a judge of this Court, those cases involved erroneous information about prior convictions and the due process violation was rooted in an absence of counsel during the sentencing (*Townsend*) or the prior convictions (*Tucker*). *See Wilmoth v. Schriro*, No. CV-03-0795-PHX-MHM-JI, 2008 WL 4446684, at *16-18 (D. Ariz. Sept. 29, 2008). As discussed more thoroughly in *Wilmoth*, the Supreme Court has not clearly extended due process protections to the allegations made by Petitioner – being subjected to a sentence that relied on erroneous information unrelated to prior

convictions and in which there was not an absence of counsel. *Id.* Therefore, Claim 1 is subject to dismissal due to an absence of clearly established Supreme Court law on point.

Because Respondents treat *Townsend* and *Tucker* as clearly established Supreme Court law applicable to Petitioner's Claim 1, the Court reviews the claim under that framework. The Court evaluates whether the sentencing court was presented with "materially" untrue information and whether the court relied on the information in imposing the sentence. *Tucker*, 404 U.S. at 448. Respondents do not dispute that the sentencing judge indicated he was relying upon the use of a deadly weapon as an aggravating factor for all counts other than the weapons misconduct counts. The judge did not, however, make a factual finding that a deadly weapon was used as to each of those counts. Thus, as to the first factor, it appears the judge may have considered an aggravating factor as to counts to which it may not have applied.[5]

As to the second factor, the critical question is whether the judge relied on that information such that Petitioner's sentence would have been different if he hadn't considered the aggravator. *See id.* at 448 (identifying the relevant question as whether the current sentence would have changed if the sentencing judge knew the prior convictions were unconstitutional); *Jones v. United States*, 783 F.2d 1477, 1480 (9th Cir. 1986) (requiring a petitioner to show that the false information was "demonstrably made the basis for the sentence."). The Arizona Court of Appeals determined that the sentencing judge would not have imposed a different sentence if he had excluded the use of a deadly weapon as an aggravating factor. To the extent that is a factual finding, this Court must defer to it because Petitioner did not rebut it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Additionally, that finding was not objectively unreasonable under

---

[5] In state court, Petitioner alleged that the sentencing judge found the deadly weapon aggravating factor had not been proven. The Arizona Court of Appeals rejected this argument, determining instead that the judge stated only that he was not inclined to use it as an aggravating factor. This finding was not objectively unreasonable based on the state court record. Here, the Court does not find that the deadly weapon aggravating factor did not apply to particular counts because the state courts did not make that finding and this Court does not have the trial record to make such a determination. Rather, the Court determines only that the aggravator may not have applied to one or more counts.

- 14 -

§ 2254(d)(2). When deciding Petitioner's motion to modify his sentence, the sentencing judge evaluated whether he would have imposed a different sentence without a deadly weapon aggravating factor and concluded it would not have changed Petitioner's sentence (Doc. 12, Ex. Z at 2). *See Farrow v. United States*, 580 F.2d 1339, 1353 (9th Cir. 1978) (finding that, in evaluating a *Tucker* claim under § 2255, courts may consider the judge's own recollection). Under the framework of *Townsend* and *Tucker*, there was no due process violation, here, because Petitioner's sentence was not <u>based</u> on erroneous findings. At a minimum, the state court's denial of this claim was not contrary to, or an unreasonable application of, *Townsend* and *Tucker* under § 2254(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Claim 1 is without merit. Claims 2, 3, and 4 are not cognizable and are procedurally defaulted. Petitioner has not established cause and prejudice to overcome the defaults or that a fundamental miscarriage of justice will occur if Claims 2-4 are not addressed on the merits. Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-22-00491-JGZ**.

Dated this 26th day of August, 2024.

Honorable Lynnette C. Kimmins
United States Magistrate Judge